J. SEWARD JOHNSON AND BARBARA P. JOHNSON, PLAIN-
TIFFS-APPELLANTS, v. TOWNSHIP OF PRINCETON, COUN-
TY OF MERCER, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted March 1, 1983—Decided March 4, 1983.

Before Judges MATTHEWS, ANTELL and FRANCIS.

*Smith, Stratton, Wise, Heher & Brennan,* for appellants (*Garrett M. Heher,* of counsel and on the brief and *Neil P. Clain, Jr.,* on the brief).

*Mason, Griffin & Pierson,* for respondent (*George W. Fisher,* on the brief).

PER CURIAM.

Leave to appeal granted. Pursuant to *R.* 2:11-2 we elect to proceed to the merits, having received full briefs from the parties and having received the transcript of the proceedings before Judge Conley.

The ruling below which is the subject matter of the appeal is as follows:

> Plaintiffs shall permit defendant to take—well, to inspect the subject property on a date subsequent to February 11, 1983. At such inspection, defendant shall be permitted to take photographs and measurements of the subject property in connection with the experts' reports to be prepared in connection with this litigation.
>
> The inspection shall be subject to a protective order executed in advance, which order shall be agreed upon by counsel or, if necessary shall be drafted by the court.

We have no difficulty with the Tax Court order insofar as it permits an additional inspection and measurement of the improvements on subject property. Our concern is with the permission granted to take photographs, interior as well as exterior. We find no showing of need on the part of the township for such extraordinary relief. We are advised by plaintiff that answers to interrogatories propounded in the cause give the township's appraisal expert detailed information concerning the construction materials and the property's improvements. He is free to

visit the entire property and conduct an extensive inspection, inside and out. Indeed he has made one such inspection to date. He also has access to the property record cards which, we are informed, contain extensive information about the property including the dimensions of the improvements. That information which is readily available, should be more than sufficient in our judgment to permit the expert to create a thorough appraisal.

In applying the balancing test suggested by Justice Handler concurring in *In re Kozlov,* 79 *N.J.* 232, 248–249 (1979), we have weighed the need for the photographs with the countervailing concerns of the plaintiffs who resist the use of photographs of their premises. Under the circumstances presented, including the desire, and apparent need, to maintain the security of their premises, we find the resistance reasonable and further, that protective orders will not alleviate the legitimate concern of plaintiffs.

The order of the Tax Court is modified to eliminate any reference to photographs of the subject premises. As modified the order is affirmed.